| | |
|---|---|
| 1 | **PAHL & McCAY**<br>A Professional Law Corporation |
| 2 | **Stephen D. Pahl, Esq.** (State Bar No. 95900)<br>**Fenn C. Horton III, Esq.** (State Bar No. 119888) |
| 3 | 225 West Santa Clara Street<br>Suite 1500 |
| 4 | San Jose, California 95113-1752<br>Telephone:   (408) 286-5100 |
| 5 | Facsimile:    (408) 286-5722<br>Email: spahl@pahl-mccay.com |
| 6 | fhorton@pahl-mccay.com |
| 7 | **FREEMAN, FREEMAN & SMILEY, LLP**<br>**Bradley D. Ross, Esq.** (State Bar No. 101293) |
| 8 | 1888 Century Park East<br>Suite 1900 |
| 9 | Los Angeles, CA 90067<br>Telephone:   (310) 255-6180 |
| 10 | Facsimile:    (310) 255-6200<br>Email:  Bradley.Ross@ffslaw.com |
| 11 | |
| 12 | Attorneys for Plaintiffs<br>FORTUNE CAPITAL, LLC, BENJAMIN B. |
| 13 | EFRAIM and KENA-CHIN EFRAIM |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 16 | FORTUNE CAPITAL, LLC,<br>BENJAMIN B. EFRAIM, and<br>KENA-CHIN EFRAIM, | Case No.  **CV12- 10889** ODW (PJWx) |
| 17 | | |
| 18 | Plaintiffs, | COMPLAINT FOR VIOLATION OF<br>FEDERAL AND CALIFORNIA<br>SECURITIES LAWS, FRAUD &<br>DECEIT, NEGLIGENT |
| 19 | v. | MISREPRESENTATION, UNFAIR<br>COMPETITION, AND |
| 20 | CALIFORNIA BUSINESS BANK,<br>RAFFI D. KRIKORIAN, MICHAEL | CONSTRUCTIVE TRUST |
| 21 | MALUCCIO, COLE W. MINNICK,<br>JR., JANE AUSERWALD, PEGGY | AND |
| 22 | HANSEN, MLADEN BUNTICH,<br>STEVEN HONG, BIFF NAYLOR, | DEMAND FOR JURY TRIAL |
| 23 | KENNETH THOMPSON, and<br>HUTCHINSON & BLOODGOOD, | |
| 24 | LLP, | |
| 25 | Defendants. | |
| 26 | | |
| 27 | /// | |
| 28 | /// | |

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

1

**COMPLAINT FOR VIOLATION OF FEDERAL...**                                   (Case No. )

## INTRODUCTION

1.    Plaintiffs Benjamin B. Efraim ("B. Efraim"), Kena-Chin Efraim ("K. Efraim") and Fortune Capital, LLC ("Fortune"), purchased unregistered securities from Defendant California Business Bank ("CBB") between February and June 2011, in reliance on the representations made in the Private Placement Memorandum dated September 28, 2010 ("PPM") issued by Defendant California Business Bank ("CBB") in connection with a Private Placement Offering in which the offering period was from on or about September 28, 2010 until June 28, 2011.

2.    Commencing on or about September 28, 2010, and continuing until on or about June 28, 2011, Defendant CBB, and its Officers and Directors, issued false and misleading statements in CBB's PPM, in violation of federal and California securities laws, in connection with a Private Placement Offering of up to 3,333,334 shares of CBB common stock. The PPM misrepresented and inflated CBB's loan portfolio by understating CBB's Allowance for Losses on Loans and Leases ("ALLL"), in violation of the law and the specific directives from CBB's Regulators, and in contravention of a Consent Order entered into with CBB's Regulators. Defendant Hutchinson & Bloodgood, LLP, was the certified public accountancy firm who audited the CBB financial statements that were included as Exhibit B to the PPM.

## JURISDICTION AND VENUE

3.    Plaintiffs' claims alleged herein arise under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated by the Securities Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5).

4.    This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 77aa) and 28 U.S.C. § 1331 (federal question jurisdiction). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) because they are related to claims within this

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                    (Case No. )

1   Court's original jurisdiction in that they form part of the same case or controversy

2   under Article III of the Constitution of the United States.

3         5.    Venue is proper in this judicial district pursuant to Section 27 of the

4   Exchange Act and 28 U.S.C. § 1391(b), because many of the acts and transactions

5   giving rise to the violations of law complained of herein, including the preparation

6   and dissemination to the investing public of materially false and misleading

7   information, occurred in this judicial district; Defendants used the instrumentalities

8   of interstate commerce, including wire and mail, in connection with the sale of

9   unregistered securities in this district; the purchase of the unregistered securities

10   were solicited from this district; and Plaintiffs sent payments to the Defendants for

11   the purchase of those unregistered securities in and into this district.

12         6.    In connection with the acts, transactions and conduct alleged herein,

13   Defendants used the means and instrumentalities of interstate commerce, including

14   the United States mails, and interstate wire and telephone communications.

15                    **THE PARTIES**

16         7.    Plaintiffs purchased shares in CBB during the period between February

17   and June 2011, and have been damaged as a result of Defendants' conduct as alleged

18   herein.

19         8.    Defendant CBB is a California banking corporation headquartered in

20   Los Angeles, California. The Bank was originally incorporated under the laws of the

21   State of California on April 28, 2005, and commenced operations on November 1,

22   2005. The Bank is insured up to the maximum legal limit under the Federal Deposit

23   Insurance Act, but it is not a member of the Federal Reserve System.

24         9.    Defendant Raffi D. Krikorian ("Krikorian") was the Chairman of the

25   Board for CBB prior to, and during, the time that the PPM and the Private

26   Placement Offering were pending, and he resides in and is engaged in business

27   within this judicial district.

28   / / /

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

---

COMPLAINT FOR VIOLATION OF FEDERAL...       3       ---  (Case No. )

10.     Defendant Michael Maluccio ("Maluccio") was a Director of CBB and Chairman of CBB's Loan Committee prior to, and during, the time that the PPM and the Private Placement Offering were pending, he replaced Krikorian as CBB's Chairman of the Board, and he resides in and is engaged in business within this judicial district.

11.     Defendant Cole W. Minnick, Jr., ("Minnick"), was CBB's Chief Executive Officer prior to, and during, the time that the PPM and the Private Placement Offering were pending, and he resides in and is engaged in business within this judicial district.

12.     Defendant Jane Auserwald ("Auserwald") was CBB's Chief Credit Officer prior to, and during, the time that the PPM and the Private Placement Offering were pending, and she resides in and is engaged in business within this judicial district.

13.     Defendant Peggy Hansen ("Hansen") was CBB's Chief Financial Officer prior to, and during, the time that the PPM and the Private Placement Offering were pending, and she resides in and is engaged in business within this judicial district

14.     Defendant Mladen Buntich ("Buntich") was a Director of CBB prior to and during the time that the PPM and the Private Placement Offering were pending, and he resides in and is engaged in business within this judicial district.

15.     Defendant Steven Hong ("Hong") was a Director of CBB and a member of CBB's Loan Committee prior to and during the time that the PPM and the Private Placement Offering were pending, and he resides in and is engaged in business within this judicial district.

16.     Defendant Biff Naylor ("Naylor") was a Director of CBB prior to and during the time that the PPM and the Private Placement Offering were pending, and he resides in and is engaged in business within this judicial district.

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

17.     Defendant Kenneth Thompson ("Thompson") was a Director of CBB prior to and during the time that the PPM and the Private Placement Offering were pending, and he resides in and is engaged in business within this judicial district

18.     Defendant Hutchinson & Bloodgood, LLP ("H&B"), is a limited liability accountancy partnership licensed under the laws of the State of California, whose principal place of business is within this judicial district.  As the independent certified public accountancy firm, H&B examined and audited the financial statements of CBB for the periods ending December 31, 2009 and 2008, which were attached as Exhibit B to the PPM, and advised and directed CBB on its accounting practices in general, including the preparation of its financial statements and the implementation of its policies on loan loss reserves, before, during and after the offering period of the Private Placement Offering.

## SUBSTANTIVE ALLEGATIONS

19.     <u>Consent Order</u>:  As represented by CBB, based upon a review conducted in the last quarter of 2009, in an attempt to cooperate with CBB's regulatory agencies, as of March 18, 2010, CBB entered into a Consent Order with both the Commissioner of Financial Institutions and the FDIC. The Consent Order requires CBB, among other items and within certain time frames, to (i) retain qualified management; (ii) maintain its Tier 1 capital leverage ratio to equal to or exceed 9%, on or before December 31, 2010, increase Tier 1 capital by $5 million, and develop and implement a capital plan; (iii) not pay cash dividends or make any other payment to CBB's shareholders without the written consent of CBB's regulatory agencies; (iv) reduce CBB's assets classified "Substandard" to not more than $7 million as of the FDIC visitation in the fourth quarter of 2010; (v) adopt revised lending and collection policies; (vi) adopt a revised policy for determining adequacy of the ALLL; (vii) adopt a revised written liquidity and funds management policy; (viii) implement a written plan addressing retention of profits, reducing overhead expense and setting forth a comprehensive budget covering the period

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

2010 to 2012; (ix) provide a written plan for eliminating CBB's reliance on brokered deposits; (x) not establish any new branches or other office without the prior written consent of CBB's regulatory agencies; (xi) provide periodic reports to CBB's regulatory agencies and (xii) furnish CBB's shareholders a description of the Consent Order.

20.   Recent Regulatory Examination:  As represented by CBB, following an examination that occurred in the second quarter of 2010, the FDIC had noted several areas of concern at CBB, including the following: (i) asset quality continued to deteriorate as the adversely classified assets-to-capital ratio increased and the underfunding of the allowance for loan losses, (ii) net operating losses, (iii) less than satisfactory capital and capital ratios, (iv) unsatisfactory management and board oversight, and (v) several areas of non-compliance with the Consent Order.  As a result of this recent examination, the FDIC informed CBB that it may be required to raise additional capital, and that CBB may become subject to additional enforcement actions by its regulatory agencies.

21.   Private Placement Offering:  On or about September 28, 2010, CBB began offering for sale a minimum of 1,666,667 shares, up to a maximum of 3,333,334 shares, of its Common Stock, no par value, at a price of $3.00 per share (the "Private Placement Offering").  CBB reserved the right, in its sole discretion, to accept subscriptions for less than 3,333,334 shares, which was the maximum number of shares offered.  In the event of over-subscriptions, CBB reserved the right, in its sole discretion, to elect to sell additional shares in excess of the maximum number of shares offered by up to 20% over the maximum number of shares offered, subject to all necessary regulatory approvals.  Subscribers were required to purchase a minimum of 6,667 shares.

22.   As represented by CBB, the Private Placement Offering was made for the purpose of raising capital for growth, enhancing CBB's capital position, complying with the provisions of the Consent Order, increasing lending limits, and

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

for general corporate purposes.  The Private Placement Offering was closed on or about June 28, 2011.

23.   Loan Loss Reserve: During Q1 and Q2 of 2011 during the pendency of the Private Placement Offering when CBB was trying to attract the $5M in investment, Defendants falsely represented, in the PPM, and elsewhere, that CBB had $8.3 million in Tier-1 capital.  In making this representation, Defendants failed, among other things, to properly reserve for approximately $5 million in loans that had been made primarily to three borrowers, i.e., the Maturin Group, Tom Dean, and a former CBB Director, Aaron Yashouafar ("Yashouafar"), the collectability of which was extremely questionable as of the time of the PPM.  The loan files of these borrowers indicated that their asset appraisals and their financial statements had not been updated for several years. Had Defendants properly recognized and adequately disclosed the problems with these loans, the PPM would not have stated a loan portfolio that was at least $5 million less than what was actually stated, and CBB would not have represented that it had $8.3 million in Tier-1 capital.  For example, Tom Dean, who died in a plane crash in March 2011, had some $3M in loans supported by questionable collateral, e.g., a dis-assembled airplane used for parts, an airplane that had no liquidation value, a leasehold interest in hangers in airports that the borrower had leased to others at low rents on a long term basis, and other unconventional assets having little value, and whose financials had not been updated since approximately 2007.  Aaron Yashoafar, who had resigned from the CBB Board in Jan 2011, had loans with CBB that were not properly collateralized (no updated or recent appraisals on property that CBB had made loans on in second position), and at least one of his loans had matured but he had not paid it off and he was behind on the interest payments, among other things.  Yashoafar and a related entity's loans were extended or renewed without updated financials, credit information or appraisals on the collateral.  The true information on the condition of just these two borrowers' loans would have materially reduced the value of the

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                    (Case No. )

bank's assets, and CBB's Tier-1 capital would have to have been recognized at closer to $6M, not $8.3M as had been represented by CBB during the offering period of the Private Placement Offering.

24.    The financial statements attached as exhibits to the PPM failed to reflect loan loss reserves that were sufficient to inform investors of the true value of CBB's loan portfolio.  Had CBB accurately reserved for these loans, the value of the bank's assets, specifically the Tier-1 capital, would have to have been recognized at closer to $6 million, rather than the $8.3 million that had been represented.

25.    CBB's Directors had a policy and practice of refusing to acknowledge problems with borrowers and loans, which was in defiance of the Consent Order and the FDIC's specific instructions.  CBB's Directors exerted excessive influence over the CEO, Minnick, whose duty it was to safeguard the interests of the bank and its shareholders.  Additionally, CBB's Directors were aware that Minnick was not implementing the recommendations and directives of the FDIC and the Commissioner and they knowingly failed to require that he do so.

26.    Defendants eventually were forced to implement a charge-off of $1 million directly against CBB's capital accounts on the Maturin Group and Tom Dean loans, due to their failure to properly reserve against these loans based on information that the Directors, as well as Minnick, Auserwald and Hansen, had been aware of prior to June 28, 2011, and before Plaintiffs made their stock purchases. This $1 million charge-off resulted in a direct reduction in CBB's tangible book value of approximately $0.75 per share, less than a month after the close of the Private Placement Offering.

27.    As a result of the year-end 2011 examination of CBB's financial records conducted by CBB's Regulators, CBB was forced by its Regulators to recognize approximately $3 million in losses on its loan portfolio; losses that should have been recognized in the Q4-2010 or Q1-2011 financial statements, according to the banking and accounting regulations applicable to CBB.  The recognition of these

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                                                    (Case No. )

1  loan losses at year-end 2011 was based on information that Defendants were aware

2  of prior to June 28, 2011.

### THE SAFE HARBOR PROVISION IS INAPPLICABLE

28.    The statutory safe harbor provided for forward-looking statements

under certain circumstances does not apply to any of the false statements Plaintiffs

plead in their complaint. The statements pled were not identified as "forward-

looking statements" when made. To the extent there were any forward-looking

statements, there were no meaningful cautionary statements identifying important

factors that could cause actual results to differ materially from those in the

purportedly forward-looking statements.

29.    Alternatively, to the extent that the statutory safe harbor does apply to

any forward-looking statements made, defendant CBB is liable for those false

forward-looking statements because at the time defendant CBB made each of those

forward looking statements, defendant CBB knew that the particular forward-

looking statement was false, and/or the forward-looking statement was authorized

and/or approved by an executive officer of CBB who knew that the statement was

false when made or who concealed material facts regarding the falsity of the

forward looking statement.

### FIRST CLAIM FOR RELIEF

**For Violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5**

**(Against All Defendants)**

30.    Plaintiffs repeat and reallege every allegation in each of the foregoing

paragraphs.

31.    Defendants knowingly and/or recklessly engaged in acts, transactions,

practices, and courses of business which operated as a fraud upon Plaintiffs, and

made various untrue and deceptive statements of material fact and omitted to state

material facts necessary in order to make the statements made, in light of the

circumstances under which they were made, not misleading to Plaintiffs.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                                      (Case No. )

32.    Each of the Defendants knew or recklessly disregarded the fact that the above acts and practices, misleading statements, and omissions would adversely affect the integrity of the market in shares in CBB.

33.    Plaintiffs have suffered substantial damages as a result of the wrongs alleged herein.

34.    Defendants Krikorian, Maluccio, Minnick, Auserwald, Hansen, Buntich, Hong, Naylor, Thompson and H&B, acted as control persons within the meaning of Section 20(a) of the Exchange Act, as alleged above.

35.    Defendants Krikorian, Maluccio, Minnick, Auserwald, Hansen, Buntich, Hong, Naylor, Thompson and H&B, had the power to influence and control, and did influence and control, directly or indirectly, the decision-making by CBB, including the content and dissemination of the various statements in the PPM that Plaintiffs contend were misleading.

36.    By reason of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

37.    By virtue of their positions as controlling persons, Defendants Krikorian, Maluccio, Minnick, Auserwald, Hansen, Buntich, Hong, Naylor, Thompson and H&B, are liable pursuant to Section 20(a) of the Exchange Act.

38.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered money damages of at least $706,500.00, the exact amount of which will be proven at trial, in connection with Plaintiffs' purchase of unregistered securities from Defendant CBB.

## SECOND CLAIM FOR RELIEF

### For Material Misrepresentation in Violation of California Corporations Code Section 25401

### (Against All Defendants)

39.    Plaintiffs repeat and reallege every allegation in each of the foregoing paragraphs.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                                    (Case No. )

40.     As a result of the material misrepresentations, Plaintiffs are entitled, pursuant to California Code Section 25501, to rescind the above-described stock purchases and to have their $706,500.00 purchase price reimbursed.

41.     Plaintiffs before entry of judgment will tender the 223,500 shares of the above-described securities as purchased from CBB and on which to date Plaintiffs have received no income.

## THIRD CLAIM FOR RELIEF

**For Joint and Several Liability of Management Principals under California Corporations Code Sections 25401, 25501, and 25504**

**(Against Defendants Krikorian, Maluccio, Minnick, Auserwald, Hansen, Buntich, Hong, Naylor and Thompson)**

42.     Plaintiffs repeat and reallege every allegation in each of the foregoing paragraphs.

43.     Defendant Krikorian was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was the Chairman of the Board for CBB.

44.     Defendant Maluccio was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was Member of the Board of Directors for CBB and Chairman of CBB's Loan Committee, and he replaced Krikorian as CBB's Chairman of the Board, a position that he currently holds as of the date of this Complaint.

45.     Defendant Minnick was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was CBB's President and Chief Executive Officer.

46.     Defendant Auserwald was, at the time of the acts alleged herein, a principal member of the management of CBB in that she was CBB's Chief Credit Officer.

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

47.     Defendant Hansen was, at the time of the acts alleged herein, a principal member of the management of CBB in that she was CBB's Chief Financial Officer until in or about May 2011.

48.     Defendant Buntich was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was a Member of the CBB Board of Directors.

49.     Defendant Hong was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was a Member of the CBB Board of Directors.

50.     Defendant Naylor was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was a Member of the CBB Board of Directors.

51.     Defendant Thompson was, at the time of the acts alleged herein, a principal member of the management of CBB in that he was a Member of the CBB Board of Directors.

## FOURTH CLAIM FOR RELIEF

### Joint and Several Liability of Experts pursuant to California Corporations Code Section 25504.2(a)

### (Against H&B)

52.     Plaintiffs repeat and reallege every allegation in each of the foregoing paragraphs.

53.     Defendant H&B is, and at all times herein mentioned was, a limited liability partnership operating under the laws of the State of California and an independent certified public accountancy firm.

54.     At all times mentioned herein, H&B, as an independent certified public accountant, was a person whose profession gave authority to a statement made by it. H&B gave written consent to be, and was, named in the PPM distributed in connection with the sale of unregistered securities herein described as having

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

1  certified in its professional capacity the financial statements attached as Exhibit B to

2  the PPM, which were referred to and distributed with the PPM.

3      55.    Exhibit B to the PPM included untrue statements of a material fact or

4  omitted to state material facts necessary in order to make the statements made, in

5  light of the circumstances, under which they were made, not misleading.

6  Specifically, Note 5 in Exhibit B stated that the total amount of CBB's Loans, net of

7  the allowance for loan losses, was $84,544,174.00.  This statement was untrue in

8  that the true amount of the net loans was approximately $3 million less than that.

9  Note 5 of Exhibit B also stated that the allowance for loan losses was $1,762,560.00

10  and omitted to state that CBB had understated the allowance for loan losses by

11  approximately $3 million.

12      56.    Plaintiffs purchased the securities described herein and in the PPM in

13  reliance on Exhibit B to the PPM without knowing them to be untrue.

**FIFTH CLAIM FOR RELIEF**

**Fraud and Deceit**

**(Against All Defendants)**

17      57.    Plaintiffs repeat and reallege every allegation in each of the foregoing

18  paragraphs.

**Misrepresentations of Material Facts**.

20      58.    As alleged above, Defendants made representations and/or omissions of

21  material fact to Plaintiffs before Plaintiffs purchased the unregistered securities of

22  CBB.

23      59.    Those representations were false.

24      60.    Plaintiffs are informed and believe that Defendants knew that the

25  representations and/or omissions were false when they made them or they made

26  those representations or omissions recklessly without knowing whether they were

27  true or false.

28  / / /

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

61.     Plaintiffs are informed and believe that Defendants made those representations or omissions with an intent to defraud and deceive Plaintiffs, and Defendants made those representations or omissions to induce Plaintiffs to rely on them and to act in reliance on them.

62.     When defendant CBB made the representations and omissions, Plaintiffs were ignorant that the representations and omissions were false and believed them to be true.

63.     Plaintiffs relied on these representations and omissions and as a result of those misrepresentations and omissions expended substantial sums of money

64.     Had Plaintiffs known the true facts they would never have purchased unregistered securities from Defendants or invested in CBB.

**Suppression of Material Facts.**

65.     Plaintiffs are informed and believe that defendant CBB knew the true, material facts concerning the investment and knew that they were material to Plaintiffs, among other investors.

66.     Plaintiffs are informed and believe that defendant CBB willfully and intentionally concealed and suppressed those material facts.

67.     Plaintiffs are informed and believe that defendant CBB knew that Plaintiffs did not know and could not reasonably discover these concealed and suppressed facts.

68.     Plaintiffs are informed and believe that Defendants intentionally concealed and suppressed these facts with the intent to defraud Plaintiffs, among other investors.

69.     Plaintiffs were unaware of these concealed and suppressed facts and would not have acted as they did if they had known the concealed and suppressed facts.

70.     Because of Defendants' superior position, and their possession of material facts which only they knew and which they knew that Plaintiffs did not

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                                    (Case No. )

1   know, and their knowledge that these facts were material to Plaintiffs, Defendants

2   had a duty to disclose these facts to Plaintiffs and to any other investors.

3       71.    By virtue of their intentional misrepresentation and by virtue of their

4   intentional concealment and suppression of material facts, Defendant fraudulently

5   induced Plaintiffs to purchase securities.

6       **False Promises**.

7       72.    Plaintiffs are informed and believe that Defendants made the promises

8   stated in the PPM with the intent to defraud Plaintiffs, and that Defendants made

9   those promises to induce Plaintiffs to rely on them and to act in reliance on them.

10       73.    Plaintiffs are informed and believe that Defendants made statements of

11   fact, and suggestions and assertions as facts, that were not true and that Defendants

12   knew were not true and did not believe to be true and had no reasonable grounds for

13   believing to be true.

14       74.    Plaintiffs are informed and believe that Defendants suppressed facts

15   they were bound to disclose, and gave information about other facts to Plaintiffs that

16   were likely to mislead Plaintiffs because of the suppressed facts.

17       75.    Defendant CBB owed Plaintiffs a duty of full disclosure, honesty and

18   candor, as well as a duty to exercise reasonable care and to make a reasonable and

19   diligent investigation of statements they made to Plaintiffs and any other investors.

20       **Damages.**

21       76.    Defendants committed fraud on Plaintiffs, as a direct and proximate

22   result of which Plaintiffs have suffered money damages in an amount which exceeds

23   $706,500.00, the exact amount of which will be proven at trial.

24       **Punitive Damages**.

25       77.    The conduct of Defendant CBB, and the conduct of Krikorian,

26   Maluccio, Minnick, Auserwald, Hansen, Buntich, Hong, Naylor, Thompson, who

27   were, at all relevant times, managing agents of CBB, constitute intentional

28   misrepresentations, false promises, deceit and suppression of facts known to

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...    (Case No. )

1    Defendants, all with the intention of causing injury to Plaintiffs, and was oppressive,

2    fraudulent, malicious, and despicable conduct as defined in California Civil Code §

3    3294, on the basis of which Plaintiffs should recover, in addition to actual damages,

4    exemplary and punitive damages according to proof at trial.

## SIXTH CLAIM FOR RELIEF

### Fraud and Deceit—For Rescission and Restitution Damages

### (Against All Defendants)

78.    Plaintiffs repeat and reallege every allegation in each of the foregoing

paragraphs.

79.    As a direct and proximate result of defendant CBB'S fraud and deceit,

as set forth above, Plaintiffs are entitled to rescission and restitution damages,

according to proof at trial but no less than $706,500.00.

## SEVENTH CLAIM FOR RELIEF

### Negligent Misrepresentation

### (Against All Defendants)

80.    Plaintiffs repeat and reallege paragraphs 1 through 56 and every

allegation in each of these foregoing paragraphs.

81.    Defendant CBB made representations to Plaintiffs about existing

material facts.

82.    Plaintiffs are informed and believe that those representations were

false.

83.    Plaintiffs are informed and believe that Defendants made those

representations without a reasonable ground for believing them to be true.

84.    Plaintiffs are informed and believe that Defendants made those

representations with the intent to induce Plaintiffs to rely on them.

85.    Plaintiffs were unaware of the falsity of the representations and acted in

reliance on the truth of the representations and were justified in acting and relying

on those representations.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

86.     As a result of their reliance on the truth of those representations, Plaintiffs have sustained and continue to sustain money damages according to proof at trial.

87.     In engaging in the conduct alleged, Defendants made representations and statements of material facts and omitted to state material facts necessary to make statements that they made, in light of the circumstances in which they were made, not misleading, and necessary to be stated in order that Plaintiffs would be informed of all material facts necessary for Plaintiffs' decision to purchase the shares. Defendants made such representations and statements with the intent to induce Plaintiffs to rely on them.

88.     In making the representations and statements and omitting to state material facts, Defendants acted negligently in that they made those representations and statements without a reasonable ground for believing them to be true and did not exercise due care in investigating to determine the existence of the material facts omitted.

89.     At the time of the representations, statements, and omissions, Plaintiffs were unaware that they were false and misleading and were unaware that there had been omissions of material facts.  Plaintiffs justifiably relied on these representations and statements and justifiably believed that there were no omissions of material facts. As a result, Plaintiffs were induced to purchase the unregistered securities described above.

90.     As a direct and proximate result of the misrepresentations and omissions alleged, Plaintiffs have suffered money damages in excess of $706,500.00 the exact amount of which will be proven at trial.

/ / /

/ / /

/ / /

/ / /

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

## EIGHTH CLAIM FOR RELIEF

### Unfair Competition under Business & Professions Code §17200

### (Against All Defendants)

91.     Plaintiffs repeat and reallege every allegation in each of the foregoing paragraphs.

92.     By their wrongful conduct, Defendants engaged in unfair competition within the meaning of California Business & Professions Code § 17200.

93.     As a direct and proximate result of Defendants' unfair competition, Plaintiffs are entitled to restitution damages according to proof at trial but no less than $706,500.00.

## NINTH CLAIM FOR RELIEF

### Imposition of Constructive Trust

### (Against All Defendants)

94.     Plaintiffs repeat and reallege every allegation in each of the foregoing paragraphs

95.     Plaintiffs are informed and believe that Defendants have received moneys that rightfully belong to Plaintiffs as a result of their purchase of the unregistered securities of CBB.

96.     By virtue of their investment in CBB, and through their purchase of unregistered securities, Plaintiffs acquired a lien and security interest in any proceeds Defendants received from any sales or transfers of any of the consideration paid by Plaintiffs for the unregistered securities, or in any other of  CBB's assets or securities.

97.     Plaintiffs are informed and believe that Defendants have wrongfully, unfairly, unjustly, and inequitably received, disbursed, and retained such proceeds for themselves.

98.     In the circumstances alleged, it is unfair, unjust, and inequitable to allow Defendants to retain any such proceeds.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

18

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

99.     In the interests of fairness, justice, and equity, this Court can and should issue an order and enter judgment:

      a.     Imposing a constructive trust over all such proceeds;

      b.     Decreeing that Defendants hold such funds in trust for the benefit of Plaintiffs; and

      c.     Requiring Defendants to disgorge those funds and to restore those funds to Plaintiffs.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

For the First Claim for Relief:

1.     For compensatory damages in an amount to be proven at trial, but no less than $706,500.00;

2.     For rescission of Plaintiffs' purchases of CBB stock and restitution in an amount to be proven at trial but no less than $706,500.00 as the original consideration paid for the securities;

3.     For pre-judgment interest on the original consideration at the legal rate from each date of purchase;

4.     For imposition of a constructive trust on all moneys paid to CBB by Plaintiffs, and on any and all proceeds received by any of the Defendants from any sale or transfer of the consideration paid by Plaintiffs, or from any other sale or transfer of CBB's assets or securities after the dates of Plaintiffs' purchase of securities;

5.     For costs and expenses incurred in this litigation, including reasonable attorneys' fees and other disbursements; and

6.     For whatever further relief this Court deems to be just and proper.

For the Second Claim for Relief:

1.     For rescission of Plaintiffs' purchases of CBB stock and restitution in an amount to be proven at trial but no less than $706,500.00 as the original consideration paid for the securities;

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...                              (Case No. )

2.     For pre-judgment interest on the original consideration at the legal rate from each date of purchase;

3.     For imposition of a constructive trust on all moneys paid to CBB by Plaintiffs, and on any and all proceeds received by any of the Defendants from any sale or transfer of the consideration paid by Plaintiffs, or from any other sale or transfer of CBB's assets or securities after the dates of Plaintiffs' purchase of securities;

4.     For costs and expenses incurred in this litigation, including reasonable attorneys' fees and other disbursements; and

5.     For whatever further relief this Court deems to be just and proper.

For the Third and Fourth Claims for Relief:

1.     For compensatory damages in an amount to be proven at trial, but no less than $706,500.00;

2.     For restitution in an amount to be proven at trial but no less than $706,500.00 as the original consideration paid for the securities;

3.     For pre-judgment interest on the original consideration at the legal rate from each date of purchase;

4.     For imposition of a constructive trust on all moneys paid to CBB by Plaintiffs, and on any and all proceeds received by any of the Defendants from any sale or transfer of the consideration paid by Plaintiffs, or from any other sale or transfer of CBB's assets or securities after the dates of Plaintiffs' purchase of securities;

5.     For costs and expenses incurred in this litigation, including reasonable attorneys' fees and other disbursements; and

6.     For whatever further relief this Court deems to be just and proper.

For the Fifth and Sixth Claims for Relief:

1.     For compensatory damages in an amount to be proven at trial, but no less than $706,500.00;

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

2.     For rescission of Plaintiffs' purchases of CBB stock and restitution in an amount to be proven at trial but no less than $706,500.00 as the original consideration paid for the securities;

3.     For pre-judgment interest on the original consideration at the legal rate from each date of purchase;

4.     For imposition of a constructive trust on all moneys paid to CBB by Plaintiffs, and on any and all proceeds received by any of the Defendants from any sale or transfer of the consideration paid by Plaintiffs, or from any other sale or transfer of CBB's assets or securities after the dates of Plaintiffs' purchase of securities;

5.     For exemplary or punitive damages in an amount to be proven at trial;

6.     For costs and expenses incurred in this litigation; and

7.     For whatever further relief this Court deems to be just and proper.

For the Seventh Claim for Relief:

1.     For compensatory damages in an amount to be proven at trial, but no less than $706,500.00;

2.     For rescission of Plaintiffs' purchases of CBB stock and restitution in an amount to be proven at trial but no less than $706,500.00 as the original consideration paid for the securities;

3.     For pre-judgment interest on the original consideration at the legal rate from each date of purchase;

4.     For costs and expenses incurred in this litigation; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

5.      For whatever further relief this Court deems to be just and proper.

For the Eighth Claim for Relief:

1.      For rescission of Plaintiffs' purchases of CBB stock and restitution or disgorgement in an amount to be proven at trial but no less than $706,500.00 as the original consideration paid for the securities;

2.      For pre-judgment interest on the original consideration at the legal rate from each date of purchase;

3.      For imposition of a constructive trust on all moneys paid to CBB by Plaintiffs, and on any and all proceeds received by any of the Defendants from any sale or transfer of the consideration paid by Plaintiffs, or from any other sale or transfer of CBB's assets or securities after the dates of Plaintiffs' purchase of securities;

4.      For costs and expenses incurred in this litigation, including reasonable attorneys' fees and other disbursements; and

5.      For whatever further relief this Court deems to be just and proper.

For the Ninth Claim for Relief:

1.      For imposition of a constructive trust on all moneys paid to CBB by Plaintiffs, and on any and all proceeds received by any of the Defendants from any sale or transfer of the consideration paid by Plaintiffs, or from any other sale or transfer of CBB's assets or securities after the dates of Plaintiffs' purchase of securities;

2.      For costs and expenses incurred in this litigation; and

3.      For whatever further relief this Court deems to be just and proper.

DATED: December **20**, 2012

PAHL & McCAY
A Professional Corporation

By: _____
Stephen D. Pahl

By: _____
Fenn C. Horton III

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4010/001 -
00279359.DOCX.
1

FREEMAN, FREEMAN & SMILEY

By: _____
     Bradley D. Ross

Attorneys for Plaintiffs
FORTUNE CAPITAL, LLC, BENJAMIN B.
EFRAIM, and KENA-CHIN EFRAIM

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues triable to a jury.

DATED: December 20, 2012

PAHL & McCAY
A Professional Corporation

By: _____
     Stephen D. Pahl

By: _____
     Fenn C. Horton III

FREEMAN, FREEMAN & SMILEY

By: _____
     Bradley D. Ross

Attorneys for Plaintiffs
FORTUNE CAPITAL, LLC, BENJAMIN B.
EFRAIM, and KENA-CHIN EFRAIM

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

#4010/001 -
00279359.DOCX.
1

COMPLAINT FOR VIOLATION OF FEDERAL...

(Case No. )

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 10889 ODW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
PAHL & McCAY
225 W. Santa Clara St., Suite 1500
San Jose, CA 95113
Attn: Stephen D. Pahl/Fenn C. Horton III

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fortune Capital, LLC, Benjamin B. Efraim and Kena-Chin Efraim,<br><br>PLAINTIFF(S)<br><br>v.<br><br>California Business Bank, Raffi D. Krikorian, Michael Maluccio, Cole W. Minnick, Jr., Jane Auserwald, Peggy Hansen, Mladen Buntich, Steven Hong, Biff Naylor, Kenneth Thompson, and ~~Hutchinson & Bloodgood, LLP~~ DEFENDANT(S). | CASE NUMBER<br><br>CV12-10889<br>ODW (PJWx)<br><br><br>SUMMONS |

TO:     DEFENDANT(S):

     A lawsuit has been filed against you.

     Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Pahl & McCay_____, whose address is _225 W. Santa Clara St., Suite 1500, San Jose, California 95113_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

DEC 2 1 2012

Clerk, U.S. District Court

JULIE PRADO

Dated: _____

By: _____

     Deputy Clerk

     *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Fortune Capital, LLC, Benjamin B. Efraim, and Kena-Chin Efraim

**DEFENDANTS**
California Business Bank, Raffi D. Krikorian, Michael Maluccio, Cole W. Minnick, Jr., Jane Auserwald, Peggy Hansen, Mladen Buntich, Steven Hong, Biff Naylor, Kenneth Thompson, and Hutchinson & Bloodgood, LLP

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Pahl & McCay    (408) 286-5100
225 W. Santa Clara St., Suite 1500
San Jose, CA 95113

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 706,500.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Federal Securities Laws - 15 U.S.C. §§ 78J(B); 17 C.F.R. § 240.10B-5

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-10889**

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Fortune Capital, LLC - Los Angeles County<br>Benjamin B. Efraim - Los Angeles County<br>Kena-Chin Efraim - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| California Business Bank - Los Angeles County<br>Raffi D. Krikorian - Los Angeles<br>[Continued on Next Page] | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims Arose in Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date December 20, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Fortune Capital, LLC, et al. v. California Business Bank, et al.
Case No.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET (cont.)

IX. VENUE:

(b) List the County in this District; California County outside of this District; State of other than California; or Foreign County, in which EACH named defendant resides.

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Michael Maluccio - Los Angeles County<br>Cole W. Minnick, Jr. - Los Angeles County<br>Jane Auserwald - Los Angeles County<br>Peggy Hansen - Los Angeles County<br>Mladen Buntich - Los Angeles County<br>Steven Hong - Los Angeles County<br>Biff Naylor - Los Angeles County<br>Kenneth Thompson - Los Angeles County<br>Hutchinson & Bloodgood, LLP - Los Angeles County | |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET (cont.)